UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-62119-STRAUSS

RENEE PRYCE,

     Plaintiff,

v.

KELLY SERVICES, INC.
d/b/a KELLY EDUCATION,

     Defendant.

_____/

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING AMENDED COMPLAINT

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District

Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion"). For the reasons described

below, the IFP Motion is **DENIED WITHOUT PREJUDICE**. However, the Court will require

Plaintiff to file an amended complaint no later than **August 25, 2026**, because the Complaint, upon

initial screening, fails to state a claim upon which relief could be granted.

## BACKGROUND

On August 3, 2026, Plaintiff filed a Complaint against Defendant based on Defendant's

alleged discrimination and retaliation against Plaintiff in violation of Title VII of the Civil Rights

Act of 1964 ("Title VII"). *See generally* [DE 1].

Plaintiff alleges that she was a substitute teacher employed by Defendant. *See id.* at 5. In

October 2024, an incident occurred at Coral Springs High School (the "School") where Plaintiff

supposedly "bypassed" a metal detector when arriving at the School. *Id.* at 5-6. The School

reported the incident, and Defendant suspended Plaintiff. *Id.* at 6. Plaintiff then submitted a written

statement on Defendant's platform disputing the School's assertions about the incident with the metal detector. *Id.* In the written statement, Plaintiff also reported "an incident of bathroom discrimination" that occurred at the School in August 2024. *Id.* According to Plaintiff, Defendant never provided substantive updates regarding its investigation. *Id.*

Plaintiff later learned that Defendant had received additional allegations from the School after Plaintiff disputed the incident with the metal detector and reported discrimination, including that a resource officer had asserted that Plaintiff had interacted with the officer in a "combative way." *Id.* Plaintiff further alleges that Defendant did not disclose the additional allegations during her suspension, did not allow Plaintiff to respond to them, and did not inform Plaintiff that these allegations were part of Defendant's investigation. *Id.* at 7. The School eventually chose to exclude Plaintiff from its campus, meaning Plaintiff could not accept assignments at the School. *Id.* A representative for Defendant told Plaintiff over the phone that either the School or Defendant does not like Plaintiff and that Plaintiff complains a lot. *Id.* In Plaintiff's view, rather than independently verifying the School's allegations or completing an investigation, including for the "reported discrimination based on her Indian heritage," Defendant enforced the School's decision not to allow Plaintiff to return to the School. *Id.* at 7-8.

Contemporaneously with the Complaint, Plaintiff filed her IFP Motion. *See generally* [DE 3]. Plaintiff states in the IFP Motion, "I'm currently unemployed. As a result, I'm unable to pay the fee." *Id.* at 5. Even though Plaintiff lists her total average monthly expenses as $2,200 and her total average monthly income as $1,000, much of the form used by Plaintiff for the IFP Motion contains empty boxes or sections that Plaintiff did not fill out. *See id.* at 1-5.

2

## ANALYSIS

### I.      PLAINTIFF MUST REFILE HER IFP MOTION

In the IFP Motion, Plaintiff seeks to proceed without prepaying fees and costs. *See* [DE 3] at 1. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. A plaintiff, however, need not be "absolutely destitute." *Id.* Accordingly, a court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff has not provided the Court with enough information for it to determine whether she should be allowed to proceed *in forma pauperis*. Plaintiff left many boxes and sections totally blank in the IFP Motion, leaving the Court to speculate as to whether any given box or section is inapplicable or whether Plaintiff is instead not providing the Court with pertinent information. *See* [DE 3] at 1-5. At the end of the IFP Motion, Plaintiff explains that she is unemployed and, as a result, cannot pay the filing fee. *Id.* at 5. But it presumably costs money to live, so the Court needs a clearer indication of Plaintiff's financial circumstances to be sure that

she cannot pay the filing fee and simultaneously provide necessities for herself and her dependents, if any. The IFP Motion will therefore be denied without prejudice.

## II.    PLAINTIFF MUST FILE AN AMENDED COMPLAINT

In addition, Plaintiff must file an amended complaint. The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal. Yet rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff with an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint. Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing her amended complaint, Plaintiff should ensure that she complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1] In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint is deficient because it is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. One type of shotgun pleading occurs when the complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.

5

Plaintiff's Complaint is a shotgun pleading. First, it does not contain consistently numbered paragraphs with "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Second, Plaintiff reincorporates all the unnumbered paragraphs from Count I (for discrimination) into Count II (for retaliation). *See* [DE 1] at 9. The reincorporation of a multitude of unnumbered paragraphs makes it unclear which of the factual allegations Plaintiff contends support a claim of discrimination and which of the allegations Plaintiff contends support a claim of retaliation. Together, these deficiencies would leave Defendant unable to frame a responsive pleading. *Cf. Jerich USA, Inc. v. Ace Transp. Mia., LLC*, No. 24-CV-20697, 2024 WL 3845297, at *1 (S.D. Fla. Aug. 15, 2024) ("[T]he Court finds that the Amended Complaint constitutes a shotgun pleading because Count II impermissibly realleges and incorporates all the preceding paragraphs, including those of Count I.").

The lack of clarity from the reincorporation of unnumbered paragraphs is amplified by the content of both counts themselves. Specifically, Plaintiff appears to conflate the separate causes of action for discrimination and retaliation. "Title VII's substantive provision and its antiretaliation provision are not coterminous." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006); *see Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999) ("[R]etaliation is a separate offense under Title VII; an employee need not prove the underlying claim of discrimination for the retaliation claim to succeed." (citations omitted)).

"To state a discrimination claim under Title VII, the factual allegations must plausibly suggest that the plaintiff suffered an adverse employment action due to intentional discrimination on a protected basis, i.e., on the basis of race, color, religion, sex, or national origin." *Seole v. Ace Hardware*, No. 25-CV-62599, 2025 WL 3687693, at *4 (S.D. Fla. Dec. 19, 2025) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)). For a discrimination claim to

succeed, a plaintiff must show that the employer had the intent to discriminate against Plaintiff because of Plaintiff's membership in a class protected under Title VII. *See Williams v. Motorola, Inc.*, 303 F.3d 1284, 1293 (11th Cir. 2002) ("With regard to Williams' disparate treatment claims under Title VII for improper termination, plaintiff must prove that the defendant acted with discriminatory purpose."); *Mann v. Miami-Dade Cnty. Corr. & Rehab.*, No. 09-22456-CIV, 2010 WL 11426147, at *3 (S.D. Fla. July 27, 2010) ("To establish a disparate treatment claim for race discrimination in violation of Title VII the plaintiff must show that the employer intended to discriminate against him because of his membership in a particular protected group." (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000))).

On the other hand, "[t]o state a retaliation claim, a plaintiff must plausibly allege (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Little v. CSRA, Inc.*, 834 F. App'x 495, 499 (11th Cir. 2020). "To that end, employers cannot retaliate against employees who have complained about—that is, opposed—discrimination based on . . . [a characteristic protected under Title VII]." *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1053 (11th Cir. 2020).

Here, Count I in the Complaint is for race and national-origin discrimination, but it appears to be based on the same factual premise that Plaintiff believes supports a claim for retaliation. *See* [DE 1] at 8-10. Indeed, the allegations appear to center on Plaintiff's alleged protected activities and Defendant's failure to independently investigate the situation with the School. *See* [DE 1] at 8-9. But engaging in a protected activity is a necessary element for alleging a retaliation claim, not for alleging a substantive discrimination claim for disparate treatment. And Plaintiff does not include sufficient allegations regarding whether Defendant possessed its own discriminatory intent

7

for purposes of a discrimination claim. So, despite Plaintiff's allegations that Defendant "contributed to and perpetuated the adverse employment actions taken against Plaintiff following her protected activity," [DE 9] at 9, it is unclear to the Court which allegations Plaintiff contends amount to Defendant itself taking an adverse employment action against Plaintiff because of Defendant's own discriminatory intent.[2]

In any amended complaint, Plaintiff should specify which allegations support a claim for discrimination and which allegations support a claim for retaliation.

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with her Complaint, including those outlined above.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1.      Plaintiff's IFP Motion [DE 3] is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile her IFP Motion with her amended complaint.

2.      No later than **August 25, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

---

[2] It is unclear to the Court whether Plaintiff is implicitly alleging some type of "cat's paw" theory of liability. *See generally Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999) ("This theory provides that causation may be established if the plaintiff shows that the decisionmaker followed the biased recommendation without independently investigating the complaint against the employee. In such a case, the recommender is using the decisionmaker as a mere conduit, or 'cat's paw' to give effect to the recommender's discriminatory animus." (citation omitted)).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of August 2026.

Jared M. Strauss
United States Magistrate Judge